UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2026 JAN -9 P 2: 13

CLERK
BY _____
DEPUTY CLERK

| | |
|---|---|
| HUSSIEN NOOR HUSSIEN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 2:26-cv-2 |
| ) | |
| PAMELA BONDI, in her official capacity ) | |
| as U.S. Attorney General, KRISTI NOEM, ) | |
| in her official capacity as Secretary of the ) | |
| United States Department of Homeland ) | |
| Security, TODD M. LYONS, in his official ) | |
| capacity as Acting Director, U.S. ) | |
| Immigration and Customs Enforcement, ) | |
| PATRICIA HYDE, in her official capacity ) | |
| as Acting Director, Boston Field Office ) | |
| Immigration and Customs Enforcement, and ) | |
| GREG HALE, in his official capacity as ) | |
| Superintendent of Northwest State ) | |
| Correctional Facility, ) | |
| ) | |
| Respondents. ) | |

**TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE**

Petitioner Hussien Noor Hussien, a resident of Burlington, Vermont and a citizen of Somalia, was detained by U.S. Immigration and Customs Enforcement on January 1, 2026. (Doc. 1 ¶¶ 7, 27.) He is currently detained at the Northwest State Correctional Center in St. Albans, Vermont, under the jurisdiction of ICE's Enforcement and Removal Operations Boston Field Office. (*Id.* ¶¶ 28–30.)

On January 8, 2025, Petitioner, through his next friend Abdirisak Maalin, filed a habeas petition seeking release from custody. (Doc. 1.) He challenges his continued detention without a bond hearing as a violation of due process under the Fifth Amendment and § 236 of the Immigration and Nationality Act, 8 U.S.C. § 1226. He does not seek immediate release prior to a final order in his case.

Pursuant to the All Writs Act, 28 U.S.C. § 1651, the Court ORDERS that Respondents not remove Petitioner Hussien Noor Hussien from the District of Vermont or from the United States. This order shall remain in effect for 14 days. The court will hold a hearing in this case at 10:00 a.m. on January 12, 2026. The Petitioner shall attend the hearing in person.

The court issues this TRO on an ex parte basis because the emergency motion discloses sufficient facts establishing irreparable injury if Petitioner is moved to another jurisdiction or from the United States. Specifically, if Petitioner is transferred outside this District, it may prohibit or impair his attendance at the court's habeas hearings and his effective preparation for those hearings, concerns that are particularly acute in this case given Petitioner's pro se status. *See* Fed. R. Civ. P. 65(b); *Ozturk v. Trump*, 2025 WL 1145250, at *3–4 (D. Vt. Apr. 18, 2025) (order prohibiting transfer issued). Respondents will suffer neither irreparable harm nor undue prejudice if Petitioner is not removed from the District pending the outcome of these proceedings.

The Court will serve this order on the Government on January 9, 2026, through the established practice in the District. Any response to the petition shall be filed not later than January 12, 2026, prior to the hearing.

Dated at Burlington, in the District of Vermont, this 9 day of January, 2026.

Geoffrey W. Crawford, Judge
United States District Court